# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANNA CABELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:23CV1015 |
| OLLIE'S BARGAIN OUTLET, INC. | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER[1]

This matter is before the Court on a Joint Motion to Remand to state court from Plaintiff, Anna Cabell ("Cabell"), and Defendant, Ollie's Bargain Outlet, Inc. ("Ollie's"), by consent and under 28 U.S.C. § 1447. (Docket Entry 17.) The matter is ripe for disposition. For the reasons stated herein, the undersigned will grant the Joint Motion and order that this action be remanded to the General Court of Justice, Superior Court Division, in Guilford County, North Carolina.

## I. PROCEDURAL BACKGROUND

Cabell commenced this action against Ollie's in the General Court of Justice, Superior Court Division, in Guilford County, North Carolina on or about October 23, 2023. (Complaint, Docket Entry 5.) On November 21, 2023, Ollie's filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446(b)(1), asserting this Court's subject matter jurisdiction under 28 U.S.C. § 1332. (Docket Entry 1.) An answer was subsequently filed (Docket Entry

---

[1] By Order of Reference, this matter was referred to the Undersigned to conduct all proceedings in this case pursuant 28 U.S.C. § 636(c). (Docket Entry 13.)

7), and the parties jointly proposed a discovery plan (Docket Entry 9), which the Court approved, with discovery commencing in January 2024 (Docket Entry 10). The parties also agreed to be bound by a protective order (Docket Entry 14), which the Court issued on March 19, 2024 (Docket Entry 15). On August 20, 2024, the parties filed the instant Joint Motion to Remand asserting that they "have entered into a Stipulation and Agreement Regarding Damages" ("S&A") and thus, "this Court lacks subject matter jurisdiction over this action because the action does not meet the amount-in-controversy requirement from 28 U.S.C. § 1332(a)." (Docket Entry 17 at 1.)[2]

## II. FACTUAL BACKGROUND

According to the Complaint, Cabell, a resident of North Carolina, seeks damages against Ollie's for its alleged negligence under North Carolina law as a result of an incident that occurred in October 2021 at an Ollie's location in Greensboro, North Carolina. (*See* Compl., ¶¶ 3-11.) Cabell alleges that Ollie's arranges merchandise such that the jagged edges of shelves "cannot be readily discerned." (*Id.* ¶¶ 5-6.) The jagged edge caught Cabell's foot, causing her to "fall forward" and leading to injury requiring medical treatment. (*Id.* ¶¶ 8-9.) Cabell's Complaint seeks damages "greater than $25,000.00 as compensation for medical expenses, pain, suffering, mental anguish and personal injury" as well as "the costs associated with prosecuting this action" and "such other and further relief as the [C]ourt may deem just and appropriate." (*Id.* at 2.)

---

[2] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

## III. DISCUSSION

The parties jointly seek an order remanding this action to state court. (Docket Entry 17.) They filed the S&A in which Cabell and her counsel "consent, agree and stipulate that Plaintiff does not seek and shall not demand or collect more than $74,999.00 in damages in the aggregate[.]" (Docket Entry 16 at 1.) Cabell additionally "consents, agrees and stipulates that she is not entitled to recover, does not seek, and . . . will not demand more than $74,999.00 in damages" and stipulates that she "will agree to a reduction and remittitur to no more than $74,999.00, in the event of a verdict or award against Defendant or any future defendants to this action[.]" (*Id.*) Thus, the parties argue that this Court "lacks subject matter jurisdiction over this action because the action does not meet the amount-in-controversy requirement from 28 U.S.C. 1332(a)." (Docket Entry 17 at 1.)

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). Diversity jurisdiction exists when the parties are citizens of different states, and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction . . . . If federal jurisdiction is doubtful, a remand is necessary." *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022) (internal quotations and citation omitted). The parties argue that, as a result of the S&A, this Court lacks subject matter jurisdiction because Cabell's recoverable damages is below the

3

amount-in-controversy requirement of 28 U.S.C. § 1332(a). (Docket Entry 17 at 1.) The undersigned agrees.

At the outset, a court generally cannot consider post-removal evidence that a claim fails to meet the amount-in-controversy requirement. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). That is because "[o]rdinarily, whether a case is removable is determined by the status of the case as disclosed by the plaintiff's complaint." *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1996); *McDonald v. AutoMoney, Inc.*, 2021 WL 5599501, at *2 (M.D.N.C. Nov. 30, 2021) ("The removability of a case depends upon the state of the pleadings and the record at the time of the application for removal." (quoting F*rancis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013))). Thus, "[w]hen a plaintiff's complaint does not specify damages, a court may consider any evidence of the amount in controversy . . . includ[ing] post-removal stipulations." *Decker v. USAA Cas. Ins. Co.*, 683 F. Supp. 3d 488, 493 (M.D.N.C. 2023) (internal quotations and citation omitted); *accord. Griffin v. Holmes*, 843 F. Supp. 81, 87-88 (E.D.N.C. 1993); *Lawson v. Tyco Elecs. Corp.*, 286 F. Supp. 2d 639, 642 (M.D.N.C. 2003). "Under such circumstances, a post-removal stipulation is not an attempt to divest a federal court of jurisdiction, but rather an effort to clarify whether federal jurisdiction existed when the action was removed." *Decker*, 683 F. Supp. 3d at 493 (citation omitted).

Some states require that complaints not specify exact damages above a sum certain for some claims. *See e.g.*, N.C. Gen. Stat. 1A-1, 8(a)(2) (requiring that negligence actions for damages exceeding $25,000 plead damages "in excess of" $25,000 rather than an exact amount). Courts have found complaints following these rules ambiguous, opening the door

4

to post-removal evidence. *See Gwyn*, 955 F. Supp. at 47 ("Because the court cannot determine the amount in controversy from the face of the complaint, it will consider Plaintiff's stipulation that the value of the claim does not exceed $50,000."); *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1308 (E.D. Ky. 1990) (considering the plaintiff's stipulation as "Kentucky law prevents the plaintiff from pleading an unliquidated amount in controversy with any degree of specificity.").

Here, Cabell's Complaint is ambiguous on the issue of damages, allowing this Court to consider post-removal evidence. The Complaint specifies only damages "greater than $25,000." (Compl. at 2.) That North Carolina law required this language does not make it any less ambiguous. *See Gwyn*, 955 F. Supp. at 46. Ollie's petition for removal did little to resolve the ambiguity: it stated only that, "[b]ased on this claim, and upon other information known to Defendant regarding Plaintiff's injuries, upon information and belief, Plaintiff's alleged damages are in excess of $75,000.00." (Docket Entry 1 at 2). In light of such, this Court considers the parties' S&A when deciding whether this case meets the amount-in-controversy requirement.

Having considered the S&A, the undersigned concludes that this case does not meet the amount-in-controversy requirement. The S&A demonstrates that Plaintiff seeks damages and fees that do not exceed $75,000. A stipulation to an amount-in-controversy less than $75,000 defeats diversity jurisdiction only if "it is certain that [the plaintiff] will not be able to recover more than the damages for which he has prayed." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995). Any such stipulation should prevent the plaintiff from accepting, not just seeking, damages over $75,000. *Aikens v. Microsoft Corp.*, 159 F. App'x 471, 475-76

and n.3 (4th Cir. 2005); *accord. McDonald*, 2021 WL 5599501, at *3. Here, Cabell and Ollie's S&A prevents Cabell from accepting, not just seeking, damages over $75,000. The S&A provides that Cabell "shall not . . . collect more than $74,999.00 in damages in the aggregate," that Cabell is "not entitled to recover . . . more than $74,999.00 in damages," and that if the Court awards Cabell more, Cabell "will agree to a reduction and remittitur." (Docket Entry 16 at 1.)

In sum, because of the S&A and because there are no circumstances under which Cabell can recover more than $75,000, this Court does not have original jurisdiction under 28 U.S.C § 1332(a). Therefore, a remand to state court is appropriate.

## IV. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that the parties' Joint Motion to Remand (Docket Entry 17) is **GRANTED**, and this action is hereby **REMANDED** to the General Court of Justice, Superior Court Division, in Guilford County, North Carolina for further proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a certified copy of this Memorandum Opinion and Order to the Clerk of Superior Court in Guilford County.

/s/  Joe L. Webster<br>
United States Magistrate Judge

September 11, 2024
Durham, North Carolina